IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AURORA COOPERATIVE ELEVATOR COMPANY, a Nebraska corporation | ) ) ) | Case No. 8:10-CV-294 |
| Plaintiff, | ) ) ) | STIPULATED PROTECTIVE ORDER |
| v. | ) ) | |
| THE COOPERATIVE FINANCE ASSOCIATION, INC., a Kansas and Missouri corporation, | ) ) ) ) | |
| Defendant. | ) ) | |

THE COURT, having considered the Joint Motion for Protective Order hereby enters the Stipulated Protective Order as follows:

The Parties agree that certain documents and information requested by the Parties in oral and written discovery in this action may contain confidential commercial, financial, or other proprietary information, which should be protected from unauthorized disclosure. Accordingly, the discovery of certain documents and information may be conducted only pursuant to the following terms, conditions, restrictions and procedures of this Protective Order (the "Protective Order"):

1. <u>Marking Documents CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY</u>. Documents and written information, whether stored electronically or otherwise, or oral or recorded information produced in the course of discovery in this action that are confidential in nature and that contain confidential commercial, financial, or other proprietary information (hereinafter collectively referred to as "material" or "materials") may be designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY by the person producing the material. All such designations shall be made in good faith and for a legitimate purpose. Such designations shall be

made by placing on the face of the material or by otherwise conspicuously labeling the material as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY. Duplicate copies of such material shall also be deemed CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY. Notwithstanding the foregoing, materials that are public records or in the public domain, shall not be considered CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY. The disclosure or production of materials designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY shall not be deemed a waiver of the right of the person producing the materials to preserve the confidentiality of any other materials.

    2.    <u>Designating Deposition Information CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY</u>. Counsel for any Party or any witness may designate information disclosed during a deposition or exhibits (or any portion thereof) of any deposition as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY by so stating on the record of the deposition and requesting the preparation of a separate transcript of such material. In addition, a Party may designate in writing, within seven (7) days of receipt of the transcript of the deposition, that specific pages of the transcript be treated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY. Until such seven (7) day period following the receipt of the deposition transcript expires, each transcript shall be treated as CONFIDENTIAL - ATTORNEYS EYES ONLY. Both the nonconfidential and the CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY portions of the transcripts shall use a single set of continuous numbers so that the continuity of the deposition transcript pagination is maintained. During a deposition, counsel for any Party or any witness may give notice on the record that the testimony about to be given is deemed CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY, as appropriate. At that

point, all persons in attendance at the deposition who are not authorized to receive CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY information, as appropriate, shall leave the deposition until the deponent has finished his testimony of CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY information.

    3.    Persons Authorized to Receive CONFIDENTIAL Materials. Except as otherwise provided herein, materials designated as CONFIDENTIAL pursuant to this Protective Order, and any information contained therein, and any notes, abstracts or summaries made therefrom, shall not thereafter be disclosed in any manner to anyone other than to the following:

(a) the Parties herein (including their present and former officers and employees directly involved in the prosecution or defense of this action);

(b) outside counsel of the Parties herein, including legal assistants or other regular law firm employees working under counsel's supervision who are involved in the prosecution or defense of this action;

(c) any mediator or other person presiding over formal alternative dispute resolution sessions;

(d) any authors or intended recipients of the Confidential Information;

(e) persons employed by or assisting counsel, including experts or consultants whom counsel may consult; or

(f) court reporters who take and transcribe testimony, as well as necessary secretarial and clerical assistants.

All such CONFIDENTIAL materials shall be used solely for the prosecution or defense of this action. Disclosure to all such persons identified in this paragraph shall be in accordance with the provisions of paragraphs 7 and 8 below.

  4. <u>Persons Authorized to Receive CONFIDENTIAL - ATTORNEYS EYES ONLY Materials</u>. Except for otherwise provided herein, materials designated as CONFIDENTIAL - ATTORNEYS EYES ONLY pursuant to this Protective Order, and any information contained therein, and any notes, abstracts or summaries made therefrom, shall not thereafter be disclosed in any manner to anyone other than the following:

  (a) persons who authored, received, or viewed the information prior to and apart from this action;

  (b) persons identified in paragraph 3(b);

  (c) persons identified in paragraph 3(f), provided they sign the undertaking attached hereto as Exhibit A.

All such CONFIDENTIAL - ATTORNEYS EYES ONLY materials shall be used solely for the prosecution or defense of this action. Disclosure to all such persons identified in this paragraph shall be in accordance with the provisions of paragraphs 7 and 8 below.

  5. <u>Disclosure of CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY Materials to Unauthorized Parties</u>. In the event that counsel for a Party determines that the defense or prosecution of this action requires material that has been designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY pursuant to this Protective Order, including depositions, be disclosed for any purpose to persons not otherwise authorized herein, written notice that such Party intends to seek permission of the United States District Court for the District of

Nebraska to make such disclosure, identifying the otherwise unauthorized person and designating the materials desired to be disclosed, must be made to the Party who submitted the materials (through counsel, where represented) not less than seven (7) days prior to the intended disclosure. If within seven (7) days after the receipt of notice, the Party who submitted the materials makes a written objection to the Party giving the notice, the CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY materials shall not be disclosed unless the United States District Court for the District of Nebraska so orders. If timely written objection is not made, the Party who submitted the materials shall be deemed to have waived any objection to the disclosure of the designated materials to the identified person only, and such disclosure may proceed without further ruling of the United States District Court for the District of Nebraska. Before disclosure of any CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY materials may be made to persons not otherwise authorized herein, whether by ruling of the United States District Court for the District of Nebraska or otherwise, the persons to whom such disclosure is to be made must comply with the conditions set forth in paragraphs 7 and 8 below.

  6. <u>Challenges to CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY Designations</u>. A Party shall not be obligated to challenge the propriety of a CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY designation at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that a Party to this Protective Order disagrees at any point with the designation by the producing Party of any materials as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY, the Parties shall try first to resolve the dispute informally and in good faith. If the dispute cannot be resolved, the objecting Party may seek appropriate relief from the United States District Court for the District of

Nebraska. During the pendency of any such court intervention, the materials at issue shall be treated as either CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY as designated until the United States District Court for the District of Nebraska has resolved the issue.

      7.      <u>Limitations on the Use of CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY Materials</u>. Each person to whom disclosure of any CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY material is made in accordance with this Protective Order is hereby prohibited from divulging any such material without first obtaining authorization from the Party that produced the material or from the United States District Court for the District of Nebraska, or from exploiting in any way such material for his or her own benefit, or from using such material for any purpose or in any manner not directly related to the prosecution or defense of this action.

      8.      <u>Consent to Be Bound by the Protective Order</u>. Each person to whom disclosure of any CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY material is made in accordance with this Protective Order, including the Parties hereto and their attorneys, agents and representatives, must consent to be bound by the terms of this Protective Order. Prior to any such disclosure, each such person (excluding the Parties' full-time employees, outside counsel and their respective employees engaged in the prosecution or defense of this action) shall execute the undertaking attached hereto as Exhibit A, a copy of which shall be maintained by the attorneys disclosing such information.

      9.      <u>Enforcement of the Protective Order</u>. The Parties consent to the jurisdiction of the United States District Court for the District of Nebraska to resolve any disputes arising under or related to the enforcement of this Protective Order. In the event that any Party discloses or prepares

to disclose CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY material to persons or entities in violation of this Protective Order, the Party producing such materials may seek injunctive relief from the United States District Court for the District of Nebraska, to prevent such disclosure.  The Parties acknowledge that the disclosure or imminent disclosure of CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY material shall constitute irreparable harm.  The prevailing Party in any request for injunctive relief made pursuant to this paragraph shall be entitled to its reasonable attorneys' fees and costs incurred in pursuing such relief from the Party in violation of this Protective Order.

      10.     <u>Additional Protection</u>.  This Protective Order is made without prejudice to the right of any Party to apply to the United States District Court for the District of Nebraska at any time for additional protection, or to relax or resolve the restrictions of this Protective Order, when convenience or necessity requires.  In the event that a Party considers material subject to production to require a greater degree of confidentiality or protection than that conferred by this Protective Order, the Parties may mutually agree to alternative means of production, including without limitation more stringent designation or access provisions.  Alternatively, any Party may seek relief with respect to production of such material from the United States District Court for the District of Nebraska.

      11.     <u>Inadvertent Disclosure of Privileged or Confidential Information</u>.  Although the Parties have initiated adequate procedures to insure that legally privileged material is not produced, it is possible that legally privileged material will be produced inadvertently.  If any legally privileged material is inadvertently produced, counsel for the Party that produced the material may request, in writing, that such material be returned.  Upon request, all persons who received such material shall return the material and all copies in the person's possession within five (5) days of the date the return

is requested. The inadvertent production of any privileged material shall not be deemed a waiver of any privilege applicable to that material or any other. The inadvertent production of information without an appropriate designation of confidentiality shall not be deemed a waiver or impairment of any claim of confidentiality or the protection of CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY materials provided by this Protective Order as to the inadvertently disclosed document or information and any related material. A claim that the material was not produced inadvertently shall not be grounds for challenging the claim of privilege or designation of confidentiality.

12. <u>Termination of Litigation</u>. Within sixty (60) days of the final disposition of this action, including the exhaustion of any appellate proceedings, all materials which have been designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY pursuant to this Protective Order and all copies, excerpts or extracts, except for such material which has become part of the record of this action, shall be either:

(I) returned to the person producing the material, or

(ii) destroyed with certification under oath made to the person producing the material confirming the destruction thereof; provided, however, that outside counsel for each Party, and only said counsel may, if they so elect, retain one copy of each deposition transcript, one copy of each deposition or trial exhibits, and one copy of each item containing CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY materials submitted to the United States District Court for the District of Nebraska, which may be retained by said counsel if such CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY materials are kept in an appropriately secured manner.

This Protective Order shall survive the final termination of this action, and shall be binding on the Parties and their legal counsel at all times in the future.

13.     Other Grounds for Opposing Production.  This Protective Order shall be without prejudice to the right of any Party to oppose production of any information on any ground other than that it contains CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY information.

IT IS SO ORDERED.

/s/ Lyle E. Strom
_____
LYLE E. Strom, Senior Judge
United States District Court

SO STIPULATED.

AURORA COOPERATIVE ELEVATOR COMPANY, Plaintiff.

By: /s/ Jennie Akerlund Kuehner
Richard P. Garden, Jr. #17685
Kevin J. Schneider #18898
Jennie Akerlund Kuehner #21907

Of: CLINE, WILLIAMS, WRIGHT,
JOHNSON & OLDFATHER, L.L.P.
1900 U.S. Bank Building
233 South 13th Street
Lincoln, Nebraska  68508-2095
(402) 474-6900

1207 M Street
P.O. Box 510
Aurora, Nebraska  68818
(402) 694-6314

rgarden@clinewilliams.com
kschneider@clinewilliams.com
jkuehner@clinewilliams.com

*Attorneys for Plaintiff*

    THE COOPERATIVE FINANCE
     ASSOCIATION, INC., Defendant.

By: /s/ Donald P. Dworak
     Donald P. Dworak #21710

Of: STINSON MORRISON HECKER LLP
    1299 Farnam Street, Suite 1500
    Omaha, NE 68102
    Phone: (402)342-1700
    Fax: (402)829-8708
    ddworak@stinson.com

*Attorneys for Defendant*

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AURORA COOPERATIVE ELEVATOR COMPANY, a Nebraska corporation | ) ) ) | Case No. 8:10-CV-294 |
| Plaintiff, | ) ) | UNDERTAKING OF |
| v. | ) ) | _____ |
| THE COOPERATIVE FINANCE ASSOCIATION, INC., a Kansas and Missouri corporation, | ) ) ) ) | |
| Defendant. | ) | |

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order entered by the Parties on _____, 2011, a copy of which is attached hereto, and does hereby agree to comply with and to be bound by the terms of the Stipulated Protective Order. The undersigned specifically acknowledges and agrees that except as necessary for the prosecution or defense of this action, he/she is prohibited from disclosing or divulging any of the materials designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY in this action, from exploiting in any way such materials for his/her own benefit, or from using such materials for any purpose or in any manner not connected with the prosecution or defense of this action. The undersigned hereby submits to the jurisdiction of the United States District Court for the District of Nebraska for the purpose of enforcement of the Stipulated Protective Order, which is incorporated herein by reference.

Dated: _____  By: _____

Printed Name: _____

Sworn to and subscribed before me
This _____ day of _____, 20\_\_\_\_\_.

_____
Notary Public

My Commission Expires: _____

4822-6195-9688, v. 1