IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AURORA COOPERATIVE ELEVATOR COMPANY, a Nebraska corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | 8:10CV294 |
| v. | ) ) | |
| THE COOPERATIVE FINANCE ASSOCIATION, INC., a Kansas and Missouri corporation, | ) ) ) ) | MEMORANDUM AND ORDER |
| Defendant. | ) ) | |

This matter is before the Court on plaintiff Aurora Cooperative Elevator Company's ("plaintiff") motion to extend deadlines and continue pretrial conference and trial (Filing No. 37) and motion for leave to file amended complaint (Filing No. 48), and defendant Cooperative Finance Association Inc.'s ("defendant") motion to extend summary judgment deadline pending resolution of plaintiff's motion to continue (Filing No. 47). Upon reviewing the motions, briefs, and the relevant law, the Court finds both of plaintiff's motions will be granted.

Pursuant to Rule 16 and 15 of the Federal Rules of Civil Procedure respectively, plaintiff moves the Court for an order extending the discovery deadline and continuing the pretrial conference and trial in this matter and for an order allowing it to amend its complaint. This lawsuit is based upon defendant's reasons in disallowing plaintiff (a member of

defendant's association) to participate in an Input Finance Program ("Program") offered to members of the defendant association.  On October 18, 2010, the Court entered its Final Profession Order (Filing No. 15), establishing certain deadlines in this case, including a deadline to amend pleadings of November 15, 2010, a discovery deadline of February 15, 2011, and set a pretrial conference on April 14, 2011, at 9:00 a.m. and a trial to begin May 2, 2011.  The Final Progression Order may be modified "for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4).  "'The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements.'"  *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 717 (8th Cir. 2008) (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006).  Plaintiff claims when it initially filed its complaint, it has very little information as to why defendant denied plaintiff membership in the Program, other than defendant's general statement that it was the result of defendant's "trade territory preference policy."  Defendant made plaintiff aware that denial was based upon a preference granted to other co-ops, but plaintiff claims it did not know any of the facts, circumstances, or communications surrounding such preference policy until later during the discovery process.

Plaintiff served its initial discovery requests on September 23, 2010.  On November 2, 2010, through discovery

responses served by defendant, plaintiff learned that two other cooperatives[1] (in plaintiff's opinion) were given the right by defendant to reject plaintiff from participating in the Program. After this discovery, defendant maintained objections to certain relevant discovery requests of plaintiff and some of defendant's responses were not served until mid-December and January after resolution of plaintiff's motion to compel (*See* Filing Nos. 27, 29, 31, and 34). After resolution of those discovery issues, a 30(b)(6) deposition was taken of defendant on February 8, 2011. As a result, plaintiff claims it now has evidence for additional potential claims for unfair competition, conspiracy, violations of applicable consumer protection acts, and illegal restraint of trade, because plaintiff claims it discovered the two other cooperatives represented to defendant that if plaintiff joined the Program, they would decrease or stop doing business with defendant.

  Defendant claims plaintiff's motions should be denied because, among other reasons: (1) plaintiff was aware as of November 2010 there were communications between the two other cooperatives and defendant, and (2) that the evidence from the February 8, 2011, deposition supporting plaintiff's claims

---

[1] The two cooperatives are Cooperative Producers, Inc. and United Farmers Cooperative.

concerning communications between the two cooperatives and defendant does not lead to viable claims.

Plaintiff has shown good cause for a modification of the Final Progression Order. Although plaintiff was aware that conversations occurred between defendant and the other two cooperatives in November 2010, it was not until February 8, 2011, that the full substance of these discussions was explored. In addition, even if defendant is correct in asserting that plaintiff's new potential claims are without merit, ruling on such issues at this time would be premature. Furthermore, defendant served its third set of interrogatories and requests for production on the date of the current discovery deadline of February 15, 2011 (Filing No. 36), when under the Court's Final Progression Order (Filing No. 15), such discovery requests had to be "served sufficiently early to allow rule time response before" the discovery deadline. Defendant's action demonstrates at least some additional time may be needed by the parties. Thus, plaintiff's motion to extend the deadlines will be granted in a separate Amended Final Progression Order issued by the Court.

Rule 15(a) states that leave to amend a complaint is to be "freely given as justice so requires." A denial of leave to amend is only appropriate "in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving

party can be demonstrated." *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Under the discovery circumstance explained in this memorandum, the Court finds no undue delay, bad faith, or issues of futility prejudicing the non-moving party. Thus, plaintiff's motion to amend its complaint will be granted.

IT IS ORDERED:

1) Plaintiff's motion for leave to file amended complaint (Filing No. 48) is granted. Plaintiff shall file its amended complaint on or before April 22, 2011.

2) Defendant's motion to extend summary judgment deadline pending resolution of plaintiff's motion to continue order setting schedule for progression of a civil case (Filing No. 47) is denied as moot.

DATED this 13th day of April, 2011.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court